Singleton, Judge:
This claim was filed before the Attorney General of West Virginia on May 3, 1967, subsequently transferred to this Court after July 1, 1967, and came on for hearing on March 21, 1968. The claimant appeared in person, without counsel, and offered evidence that in March, 1967, a portion of claimant’s bottom land was flooded due to a smashed-in and stopped-up culvert installed and negligently maintained by the State Road Commission and that, as a result, his top soil was washed away. The claimant further testified that he used the bottom land in question as pasture for horses. Claimant’s land is located in Kanawha County, and the drain or culvert was installed about 1948. It was replaced after the flooding of Mr. Beasley’s land in March of 1967 by two drains in a direct effort on the part of the State Road Commission to try to prevent any further flooding of claimant’s land as a result of normal rainfall. The evidence of the respondent’s witnesses further disclosed that the drain that was removed and which caused the flooding of Mr. Beasley’s land did have debris in it, and the picture, claimant’s exhibit No. 4, of the drain did disclose it to be in a smashed condition. While the record further discloses that even the new double drain installed by respondent could not possibly handle a rainfall of the magnitude of 1961, this Court is of the opinion that the evidence does sustain the contention of the claimant that the drain in question in March of 1967 had not been properly maintained by respondent in a serviceable condi *111 tion and that the negligent maintenance of the drain coupled with the overflow of water unable to pass through it, did damage the bottom land of the claimant without any fault on his part. The claimant, however, claimed damages in the amount of $700.00 and this amount is unsubstantiated by the evidence. The evidence discloses that claimant paid approximately $115.00 an acre for the 18 acre tract, a portion of which was bottom land and a larger portion of which was on the hillside. The only evidence as to any amount of damages sustained by claimant was his testimony that he had expended the sum of $100.00 for fertilizer, seed and labor in an effort to recondition the bottom land prior to the 1967 flooding, and that this had all been washed away.
After consideration of the petition, the exhibits, and the testimony of claimant and the witnesses for the respondent, it is the opinion of this Court that this claim is within its jurisdiction, that the claimant by a preponderance of the evidence has sustained the allegations of his petition of negligent maintenance of the drain in question by the respondent and that this claim is a valid one against the State of West Virginia, which in equity and good conscience should be paid. It is accordingly the judgment of this Court that the claimant, Henry A. Beasley, should recover the sum of $100.00 and he is hereby awarded said sum.